# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

George Price,   Case No. 3:15CV632

    Plaintiff

    v.   **ORDER**

Management & Training Corporation, et al.,

    Defendants

This case arising under 42 U.S.C. § 1983 involves allegations of deliberate indifference to the pro se plaintiff's serious medical needs.

Pending is, *inter alia*, a motion by the plaintiff to appoint an independent medical expert under Fed. R. Evid. 706. (Doc. 61). The gravamen of the motion is that the jury will need the expert's help "understanding the issues of the Plaintiff's case," which involves "complicated medical terminologies such as hemochromatosis," "blood ferritin," hemoglobin, and "heptic iron indexing[.]" (*Id.* at 1).

Defendants oppose the motion on the grounds that, should the case go to trial, the witnesses will be able to explain the medical terminology at issue. (Doc. 62 at 1).

I agree and deny the motion.

First, the motion is premature, as this case has not reached the dispositive-motion stage. It is therefore unclear whether a trial will even occur.

Second, I doubt whether, should the case go to a jury, there would be a need for the kind of expert assistance the plaintiff describes. Rather, as the defense points out, it will be the

parties' responsibility to present their respective positions to the jury, and to convince the jury on the issue of deliberate indifference to plaintiff's medical needs. Although plaintiff, having discharged the three attorneys who previously represented him, is proceeding pro se, it will be his burden to prove his case by a preponderance of the evidence. His pro se status, moreover, does not entitle him to the appointment of an independent expert to carry that burden for him.

It is, therefore,

ORDERED THAT plaintiff's motion for appointment of an independent medical expert (Doc. 61) be, and the same hereby is, denied.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge