# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

George Price,                                          Case No. 3:15CV632

           Plaintiff

           v.                                        **ORDER**

Management & Training Corporation, et al.,

           Defendants

This is a deliberate-indifference and negligence case under 42 U.S.C. § 1983 and Ohio law.

Plaintiff George Price is an inmate at the North Central Correctional Center (NCCC) in Marion, Ohio.

In February, 2015, he sued the private corporation that operates NCCC, defendant Management & Training Corporation, the prison's warden, defendant Neil Turner, and four John Doe defendants in the Common Pleas Court of Marion County, Ohio. (Doc. 1–1). He alleged that defendants were deliberately indifferent to, and negligently treated, his serious medical needs – including hemochromatosis, a liver abnormality, and a medically indicated colonoscopy – between January, 2013 and August, 2014. (*Id.* at 11, ¶¶57–60).

Defendants removed the case to this court. (Doc. 1).

In August, 2017, Price filed a first amended complaint naming as additional defendants Dr. Keaton, Nurse Donahue, Dr. Stein, Nurse Dixon, Nurse Burke, Nurse Boblenz, and Mrs. Robertson, as well as five John Does. (Doc. 42). Plaintiff alleges that these defendants were

either negligent or deliberately indifferent when providing, or refusing to provide, needed care in 2014.

In April, 2018, Price filed the "second half" of his first amended complaint, which raises additional Eighth Amendment and negligence claims based on events in 2015, 2016, 2017, and 2018. (Doc. 65).

Pending is, *inter alia*, the defendants' motion to dismiss under Fed. R. Civ. P. 12(b)(6). (Doc. 46). The defendants argue that the claims against the newly named defendants are untimely and do not relate back to the claims in the original complaint. Price opposes the motion. (Docs. 49, 52).

For the following reasons, I grant the defendants' motion.

## Standard of Review

A complaint must contain a "short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

To survive a motion to dismiss under Rule 12(b)(6), the complaint "must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

## Discussion

### A. Arguments re. First Amended Complaint

#### 1. Statute of Limitations

Price's § 1983 claims are subject to a two-year limitations period. *Combs v. Mgmt. & Training Corp.*, 2018 WL 3060001, *1 (N.D. Ohio 2018) (Carr, J.). His negligence claims are

subject to a one-year statute of limitation. O.R.C. § 2305.113(A). "The accrual date of a § 1983 action is a question of federal law, and the limitations period begins to run when plaintiff[ ] knew or should have known of the injury which forms the basis of [his] claims." *Combs*, *supra*, 2018 WL 3060001 at *2 (internal quotation marks omitted).

Price's claims against the defendants he first named in the amended complaint are untimely. According to the amended complaint, Prices allegedly received deficient care from these defendants on the following dates:

- Dr. Keaton denied a medically indicated colonoscopy on November 7, 2014. (Doc. 42 at 19, ¶81).

- Nurse Donahue ignored Price's complaint about iron poisoning and liver pain on September 16, 2014. (*Id.* at 17, ¶70).

- Dr. Stein refused to give Price cream for his hemorrhoids on August 1, 2014. (*Id.* at 14, ¶59).

- On September 1, 2014, Nurse Dixon ignored complaints about, and/or refused to schedule an appointment to examine, Price's liver pain and hemochromatosis. (*Id.* at 23, ¶99).

- When Price complained on August 11, 2014 of pain from lumps in his chest, Nurse Burke said, "They are nothing, do push-ups!" (*Id.* at 20, ¶85).

- Mrs. Robertson refused to let Price attend several iron-reduction therapy sessions, the last of which was on September 23, 2014. (*Id.* at 17, ¶73).

- Nurse Boblenz failed to address Price's complaints during an examination on January 6, 2014. (*Id.* at 6–7, ¶28).

The most recent incident that Price complains about happened on November 7, 2014. Accordingly, for Price's claims to be timely, he needed to file them no later than November 7, 2015 (for the state-law negligence claims) or November 7, 2016 (for the Eighth Amendment claims). But Price did not file his amended complaint until August, 2017, which was nearly one year too late for the federal claims and nearly two years too late for the state claims.

Price argues that I should deem his claims timely under the continuing violation doctrine. (Doc. 52 at 3). But as I explained in, *Combs*, *supra*, 2018 WL 3060001 at *5, that doctrine does not apply when the plaintiff complains about a series of discrete failures to treat:

> In *Bruce v. Corr. Med. Servs., Inc.*, 389 F. App'x 462, 467 (6th Cir. 2010), the Circuit held that, in the context of deliberate-indifference claims, "[a]ctual acts by a [defendant] of refusing medical care represent discrete unlawful acts (beyond passive inaction) that trigger the statute of limitations." Under this approach, "each discrete incident alleged constitutes a separate unlawful action that must fall within the statutory period." *Durham v. Mohr*, 2015 WL 5244464, *4 (S.D. Ohio).
>
> The court in *Bruce*, *supra*, 389 F. App'x at 466, also recognized that a continuing violation "is occasioned by continual unlawful acts, not continual ill effects from the original violation."
>
> After *Bruce*, however, district courts in the Sixth Circuit have generally refused to characterize deliberate-indifference claims as "continuing violations." *See*, *e.g.*, *Simeon v. Kentucky Dep't of Corrs.*, 2015 WL 350670, *8 & n.16 (E.D. Ky.); *Dearing v. Mahalma*, 2011 WL 3739029, *5–6 (S.D. Ohio); see also *Lee v. City of Columbus, Ohio*, 2008 WL 5146504, *2–3 (S.D. Ohio) (explaining why the Sixth Circuit "rarely extends [continuing-violations doctrine] to § 1983 actions").

As in *Combs*, the continuing-violation doctrine cannot save Price's claims.

Price simply alleges that the various defendants were deliberately indifferent and/or negligent at various times, sometimes repeatedly, in 2014. But these allegations concern only "discrete acts of failing to treat entirely, failing to treat adequately, and failing to respond to treatment requests." *Combs*, *supra*, 2018 WL 3060001 at *5. Even accepted as true, therefore, they do not amount to a continuing violation.

In any event, there is no factual basis for applying the continuing-violation doctrine.

That doctrine would make Price's claims timely only if "one act of deliberate indifference occurred within the one- or two-year-period before [Price] filed [his] amended complaint[.]" *Id.* at 6. But the latest occurring act alleged in the complaint is Dr. Keaton's denial

of a colonoscopy on November 7, 2014, well outside those windows, and so there is no basis to apply the continuing-violation doctrine here.

### 2. Relation Back

Nor do Price's claims relate back to his timely filed original complaint.

Fed. R. Civ. P. 15(c)(1)(C) permits relation back when:

> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and the complaint, the party to be brought in by amendment:
>
> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>
> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

However, "[s]ubstituing a named defendant for a 'John Doe' defendant is considered a change in parties, not a mere substitution of parties." *Cooper v. Rhea Cnty., Tenn.*, 302 F.R.D. 195, 199 (E.D. Tenn. 2014). "Such a change in parties after the statute of limitations has run does not satisfy the mistaken identity requirement of Rule 15(c)." *Id.*

Substitution is not permissible under Rule 15(c) here because Price knew the identities of the newly-named defendants when he filed his original suit. (Doc. 52 at 2). He did not amend his complaint sooner, he explains, because he was relying on his attorney (whom Price has since fired) to prosecute his case. (*Id.* at 1, 3).[1] Accordingly, he did not sue the John Doe defendants

---

[1] Price's dissatisfaction with that attorney led him to file, in June, 2016, a separate lawsuit against, *inter alia*, defendants Keaton, Donahue, Stein, Dixon, Burke, and Robertson. (Doc. 1, *Price v. Mgmt. & Training Corp.*, Case No. 3:16CV1518 (N.D. Ohio)). After receiving certain assurances from counsel, however, Price voluntarily dismissed that case without prejudice. (Doc. 15, *Price v. Mgmt. & Training Corp.*, Case No. 3:16CV1518 (N.D. Ohio)).

because of a mistake, such that substitution of the newly named defendants would now be appropriate. *Smith v. City of Akron*, 476 F. App'x 67, 69 (6th Cir. 2012).

### 3. Service on the Doe Defendants

Finally, there is no dispute that Price never served the John Doe defendants. In accordance with Fed. R. Civ. P. 4(m), I will dismiss the Doe defendants without prejudice. *See Garner v. City of Memphis*, 576 F. App'x 460, 463 (6th Cir. 2014).

## B. Arguments re. "Second Half" of the First Amended Complaint

The "second half" of Price's amended complaint concerns purportedly inadequate treatment, or denials of treatment, that Price experienced from June 2, 2015 through early 2018. (Doc. 65). In brief, this document alleges:

1. Price experienced pain in his colon and from hemorrhoids in early June, 2015, but did not receive indicated hemorrhoid cream until July, 2015. (Doc. 65 at 2–3, ¶¶2–9).

2. On July 1, 2015, a nurse took away Price's pain medication and replaced it with Tylenol Arthritis, which is allegedly inadequate to manage Price's pain. (*Id.* at 3, ¶¶10–12).

3. No one flushed Price's medi-port between January 26, 2016 and September 19, 2016. (*Id.* at 3–4, ¶¶16–27).

4. Medical personnel denied iron-reduction therapy sessions in November and December, 2016. (*Id.* at 5, ¶¶34–35).

5. Medical personnel denied treatment for hepatitis C on January 11, 2017. (*Id.* at 5–6, ¶39).

6. Medical personnel refused to treat a mass over Price's aorta on May 20, 2017. (*Id.* at 6, ¶42).

7. Medical personnel refused to perform a rectal exam during Price's yearly physical exam on November 30, 2017. (*Id.* at 7, ¶¶52–59).

8. Medical personnel ignored Price's complaints about hemorrhoids on March 19, 2018. (*Id.* at 8, ¶¶64–65).

I will grant the defendants' motion to dismiss these claims as well.

First, the claims, both state and federal, in paragraphs 1 and 2 are untimely and, for the reasons given with respect to the first amended complaint, do not relate back. I will dismiss them with prejudice. Second, the state-law claims in paragraphs 3, 4, and 5 are untimely, do not relate back, and will be dismissed with prejudice. Third, and most fundamentally, all the claims in the "second half" of the amended complaint have nothing to do with the claims in Price's original 2015 complaint. As I have explained before in a similar case:

> multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with related Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that a multi-claim, multi-defendant suit produced but also to ensure that prisoners pay the required filing fees – for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may filed without prepayment of the required fees.

*Rittner v. Williams*, 2016 WL 4013634, *3 (N.D. Ohio 2016) (Carr, J.) (citation omitted).

Much like the plaintiff in *Rittner*, Price invites me to arbitrate, on an ongoing basis, each and every disagreement he has with the medical staff at NCCC, regardless of whether the treatment provider was a defendant in the original complaint and regardless of when the incidents occurred. These complaints are, moreover, a good deal removed from the allegations in the original complaint, which concerned three discrete medical issues that did not receive adequate care and attention from January, 2013 through April, 2014.

I will therefore dismiss them without prejudice.

**Conclusion**

It is, therefore,

ORDERED THAT:

1. Defendants' motion to dismiss the first amended complaint (Doc. 46) be, and the same hereby is, granted with prejudice as to defendants Keaton, Donahue, Stein,

Dixon, Burke, Robertson, and Boblenz and without prejudice as to defendants John Does 1 through 5.

2. Defendants' motion to dismiss the "second half" of the first amended complaint (Doc. 46) be, and the same hereby is, granted with prejudice as to the state and federal claims identified in paragraphs 1 and 2, and the state claims identified in paragraphs 3, 4, and 5, on page six of this order, and without prejudice as to all other claims.

3. Plaintiff's motion to place relevant documents on the record (Doc. 82) be, and the same hereby is, granted without prejudice to defendants' ability to challenge their admissibility, relevance, etc. when filing a dispositive motion or at trial.

4. Plaintiff's motion to correct the complaint (Doc. 85) be, and the same hereby is, granted.

5. Plaintiff's motion to compel discovery (Doc. 87) be, and the same hereby is, denied without prejudice in light of defense counsel's representations that the requested documents have since been provided to the plaintiff (*see* Docs. 88, 89).

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge